```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
RAFAEL VALVERDE,

                Plaintiff,             MEMORANDUM AND ORDER
                                       Case No. 18-CV-5164-FB-ST
        -against-

IRON BRIDGE GROUP, INC.,
BILINGUAL SAFETY TRAINING,
LLC, and CIPRIANO A. GUZMAN,
P.E.,

                Defendants.
--------------------------------------------------x
```

*Appearances:*
For the Plaintiff:
BRUCE J. GITLIN
CHRISTOPHER M. VAN DE KIEFT
Gitlin, Horn and Van De Kieft LLP
2095 Broadway, Suite 411
New York, New York 10023

*For Defendant Iron Bridge Group, Inc.:*
MIKHAIL PINKUSOVICH
McMann, Martine & Gallagher
55 Washington Street
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

The plaintiff in this diversity action, Rafael Valverde, was injured while working at a construction site. He cannot sue his employer, Iron Bridge Constructors, Inc. ("IBC"), because of the exclusive-remedy provision of New York's Workers' Compensation Law. *See* N.Y. Workers' Comp. L. § 11. Instead, he has sued Iron Bridge Group, Inc. ("IBG"), the owner of the flatbed truck

1

on which he was injured.[1]

IBG moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. It argues that it is an alter ego of Valverde's employer, IBC.

"The protection against lawsuits brought by injured workers which is afforded to employers by Workers' Compensation Law [§] 11 . . . also extends to entities which are alter egos of the entity which employs the plaintiff." *See Batts v. IBEX Constr., LLC*, 977 N.Y.S.2d 282, 284 (2d Dep't 2013). The defendant bears the burden of showing, prima facie, "that one of the entities controls the other or that the two operate as a single integrated entity." *Id.*

"The key factors in determining whether two companies are alter egos are whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership." *LaBarbera v. C. Volante Corp.*, 164 F. Supp. 2d 321, 327 (E.D.N.Y. 2001). "However, a mere showing that the entities are related is insufficient where a defendant cannot demonstrate that one of the entities controls the day-to-day operations of the other." *Batts*, 977 N.Y.S.2d at 284. If the evidence is inclusive on that issue, whether the two companies are alter egos is a question of fact. *See LaBarbera*, 164 F. Supp. 2d at 327.

---

[1] Valverde also sued Bilingual Safety Training, LLC, and Cipriano A. Guzman, P.E. His claims against those defendants have been settled.

IBG proffers undisputed evidence that both companies had overlapping officers and boards of directors. Naushad Hassan, the vice president/secretary of both IBC and IBG, stated at his deposition that the two companies shared office space, with IBC paying the rent. In addition, he described an arrangement whereby IBC and IBG would loan each other equipment at no cost; for example, the truck involved in Valverde's accident was loaned to IBC by IBG.

On the other hand, the truck was owned and insured by IBG alone. The two companies had separate bank accounts and filed separate tax returns. Significantly, while both companies are in the business of bridge construction and repair, IBG was set up to specialize in "movable bridges."

The evidence clearly shows a close relationship between IBC and IBG. It would be unusual, to say the least, for companies dealing at arm's length regularly to offer free loans of their equipment to each other. But it does not follow that their relationship led them to operate as a single integrated entity. Indeed, IBG's specialization and separate finances point to the opposite conclusion. "Closely associated corporations, even ones that share directors and officers, will not be considered alter egos of each other if they were formed for different purposes, neither is a subsidiary of the other, their finances are not integrated, assets are not commingled, and the principals treat the two entities as separate and distinct." *Longshore v. Paul Davis Sys. of Cap. Dist.*, 759 N.Y.S.2d 204, 206 (2d Dep't

3

2003).

In sum, the competing evidence makes it impossible to say, as a matter of law, whether IBC and IBG were alter egos. That determination must be made by a factfinder. *Accord Salcedo v. Demon Trucking, Inc.*, 44 N.Y.S.3d 543, 545 (2d Dep't 2017) ("Although Demon presented evidence that the two entities were related and, among other things, shared some officers, Demon's submissions also established that the entities were formed for different purposes, had separate bank accounts, filed separate tax returns, and had different workers' compensation policies." Accordingly, IBG's motion for summary judgment is denied.

**SO ORDERED.**

      /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 1, 2022

4